By the Court,
Nelson, Ch. J.
By the act of 1830 concerning the militia service of this state, it is provided that, all courts-martial for the trial of commissioned officers “ shall consist of seven officers, any five of whom shall constitute a quorum ; and shall be ordered, if for the»trial of officers above the rank of captain, by the commanding officer of division, and for all other officers, hy the commanding officer of brigade.” (1 R. S. 307, § 5.) It is further declared, that regimental and battalion courts-martial shall consist of three members to be appointed by the commandant of the regiment or battalion. (Id. 308, § 15.) Power is then given to the latter courts (Id. 309, §22,) to impose such fines on all commissioned officers of companies, non-commissioned officers, musicians and privates, as they are" *208 subjected to in the first article of the seventh title of the same chapter. On referring to that, article it appears that, through some omission, commissioned officers of companies were not included in the specification of fines for the delinquencies there enumerated ; the provision being confined to non-commissioned officers, musicians and privates. {Id. 312, § 3—7.) Fines imposed by a regimental or battalion court-martial are to be collected by warrant issued by the president; and, when collected, are to be paid over to the person by whom the court was appointed, and applied for the benefit of the regiment or battalion. {Id. 315, 316, § 13—25.) But all penalties and fines imposed by courts-martial upon commissioned officers— that is, by division and brigade courts-martial—are to be collected by the attorney general or district attorney of the county, and paid into the treasury of the state.. {Id. 316, §24.)
From these several provisions it is quite obvious, that all fines imposed by regimental courts-martial must be collected, if at all, by the warrant of the president; as the same statute that authorizes the imposition of the fine, prescribes the mode of collection. (Almy v. Harris, 5 John. R. 175 ; Stafford v. Ingersol, 3 Hill, 41.)
The act of 1835, (Sess. L. of'35, p. 350, § 21,) amending the third section of the seventh title above mentioned, supplied the omission in the revised statutes, already adverted to, and subjected commissioned officers under the degree of colonel to trial by regimental courts-martial for certain delinquencies; and of course brought the collection of fines imposed upon them within the mode prescribed in respect to other fines imposed by these courts. The provisions of the statute are very special and express, that all fines imposed by regimental courts-martial shall be collected by warrant, and paid over for the uses of the regiment •, and as the act of 1835 brings under the cognizance of these courts a certain description of delinquencies by commissioned officers of companies, it appears to me *209 it necessarily follows that the fines must be collected in the same way, and be applied to the same uses.
The militia act, even with the amendment of 1835, is not remarkable for perspicuity. I have rarely looked into a statute more confused and contradictory than this, so far as relates to the jurisdiction of regimental courts-martial and the imposition and collection of fines for delinquencies of commissioned officers under the rank of colonel.
Judgment affirmed.